**Rafael Garza MARTINEZ, Appellant,**

v.

**The STATE of Texas.**

No. 2124–00.

Court of Criminal Appeals of Texas, En Banc.

April 24, 2002.

shortcomings.

Charles A. Banker, III, McAllen, for Appellant.

Jim Vollers, Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion of the Court, in which MEYERS, PRICE, KEASLER, HOLCOMB, and COCHRAN, JJ., joined.

Appellant was charged by indictment with the offense of possession of marijuana in an amount of 5 pounds or more but less than 50 pounds, alleged to have occurred on or about February 8, 1997. The record reflects that on February 8, 1997, while appellant was driving in Jackson County, he was stopped by a highway patrolman, who found marijuana concealed in appellant's car. On March 31, 1999, appellant plead guilty to the charged offense. The jury assessed his punishment at a term of eight years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $7,500 fine.

On May 3, 1999, appellant filed a "Motion for a New Trial and Hearing Thereon." The motion asserted that appellant had been deprived of various rights because his trial counsel had failed to timely inform him that the state had made a plea bargain offer that would have recommended four years incarceration. The motion asserted that "[s]uch failure to timely communicate a plea bargain offer results in a denial of effective assistance of counsel[,] for it short-circuits the entire guilty plea process." The motion included an affidavit by appellant alleging that trial counsel had informed him of the four-year plea offer only on Sunday, March 28, 1999, the day before he was set to go to trial, and that the offer was increased to eight years the next morning. The affidavit also states that, had appellant known what he now knows about Jackson County jury verdicts, had he had sufficient time to talk about the pros and cons of going to trial in Jackson County, and had he been able to consider the four-year plea offer, he would have accepted it rather than going to trial. The parties agree that the trial court denied the motion for new trial without conducting a hearing.[1]

On appeal, appellant claimed that trial counsel's failure to inform him in a timely manner of the plea bargain offer and to inform him of the pros and cons of going to trial constituted ineffective assistance of counsel; counsel's failure to communicate resulted in a substantially greater punishment than the state had proposed in its original plea offer. In such circumstances, the trial court abused its discretion in failing to grant a hearing on his motion for new trial.

---

1. On appeal, the state for the first time challenged the timeliness of the motion for new trial. The court of appeals found that "the trial court's execution of this order indicates that the trial court, in its discretion, allowed late presentment of the motion for new trial." *Martinez v. State*, 28 S.W.3d 815, 816 (Tex. App.-Corpus Christi 2000).

The court of appeals held that appellant's affidavit was deficient and his motion insufficient to put the trial court on notice that reasonable grounds existed to believe that counsel's representation may have been ineffective. Therefore, the trial court did not err in failing to hold an evidentiary hearing on appellant's motion for new trial. *Martinez v. State*, 28 S.W.3d 815, 818 (Tex. App.-Corpus Christi 2000). We granted appellant's petition for discretionary review in which he challenges the court of appeals' ruling that his affidavit supporting his motion for new trial was insufficient.[2]

■ In order to warrant a hearing on a motion for new trial, the supporting affidavit "must reflect that reasonable grounds exist for holding that such relief could be granted." *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994). Appellant asserts that since the state did not raise the issue of whether the affidavit was sufficient, the court of appeals should not have reached it. However, if the trial court's decision is correct based upon any applicable theory of law, then it will be sustained on appeal. "Judgments will be upheld on appeal if they are correct under any theory of law, even when the provision has not been cited by an appellee." *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim.App.2001). Therefore, we hold that a court of appeals may properly affirm the denial of a hearing on a motion for new trial based upon a holding that the affidavit supporting the motion was insufficient, even though that specific claim was not made by the state. Appellant's ground one is overruled.

■ In ground for review number two, appellant asks whether the court of appeals departed from the established standard for determining the sufficiency of his affidavit supporting his motion for new trial. He asserts that the court of appeals, in affirming the denial of a hearing, has deviated from the standards of review set by this Court.

The court of appeals noted that appellant's affidavit was deficient for three reasons: 1) it stated specifically that he concurred in trial counsel's decision not to accept or reject the plea offer, and to wait to see what would happen the next morning, Monday, the day of trial; 2) it failed to state unconditionally that, had he timely known of the plea offer, he would have accepted it; 3) it failed to establish when the plea offer was made by the state relative to when it was communicated to appellant and when the offer was withdrawn. *Martinez v. State*, 28 S.W.3d at 818. *Id.*

■ "When an accused presents a motion for new trial raising matters not determinable from the record, which could entitle him to relief, the trial judge abuses his discretion in failing to hold a hearing." *King v. State*, 29 S.W.3d 556, 569 (Tex. Crim.App.2000). The purpose of the hearing is to fully develop the issues raised in the motion. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994). As a prerequisite to obtaining a hearing, the motion must be supported by an affidavit specifically showing the truth of the grounds for attack. *King v. State*, 29 S.W.3d at 569; *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993). The affida-

---

2. Specifically, appellant's grounds for review are:

No. 1: May the court of appeals properly affirm the denial of a hearing on motion for new trial based *sua sponte* on a finding of the insufficiency of the affidavit supporting the motion?;

No. 2: Has the court of appeals departed from the established standard for determining the sufficiency of an affidavit supporting motion for new trial?

vit need not reflect each and every component legally required to establish relief, but rather must merely reflect that reasonable grounds exist for holding that such relief could be granted. *Jordan v. State*, 883 S.W.2d at 665; *Reyes v. State*, 849 S.W.2d at 816.

This Court has held that defense counsel's failure to inform the defendant of a plea offer can constitute ineffective assistance of counsel and warrant reinstatement of the plea offer. *Ex parte Lemke*, 13 S.W.3d 791 (Tex.Crim.App.2000). This is the claim that appellant's motion for new trial makes and his affidavit supports. The particulars of precisely when the plea offer was conveyed to defense counsel and the amount of time it remained available for acceptance are among the factual matters that should be fully developed at a hearing.

We conclude that appellant's affidavit was sufficient to put the trial judge on notice that reasonable grounds existed to believe that counsel's representation may have been ineffective. *Jordan v. State*, 883 S.W.2d at 665. Therefore the trial court abused its discretion in failing to conduct a hearing on appellant's motion for new trial.

We conclude that the court of appeals erred in its analysis of the sufficiency of appellant's affidavit supporting his new trial motion, and we sustain appellant's second ground for review. Accordingly, we reverse the judgment of the court of appeals and remand this cause with instructions to abate the appeal and remand the cause to the trial court to conduct a hearing on appellant's motion for new trial.

WOMACK, J., dissented.

KELLER, P.J. filed a dissenting opinion, joined by HERVEY, J.

KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.

The affidavit that accompanied appellant's motion for new trial includes the following regarding the plea offer:

I was not told by my Attorney, Rudy Garza, until March 28, 1999, the day before we were set for trial, that there was a plea offer made by the District Attorney to my counsel. On Sunday, March 28, 1999, I met with my attorney, Rudy Garza, in his office in Corpus Christi, Texas and he told me for the first time that the District Attorney had made a plea offer of 4 years to do in prison. Prior to that time, Mr. Garza had never discussed with me a plea bargain offer or what my options were as far as plea bargaining or going to trial. I did not communicate to Mr. Garza my acceptance or rejection of the plea offer on that day. I really did not have enough time to think about it. We left the meeting agreeing we would wait to see what would happen the following morning in Jackson County. When I arrived the next morning the first thing my attorney communicated to me that the offer had changed to 8 years.

My attorney never made sufficient time with me to discuss a plea bargain, a plea offer, or the pros and cons of going to trial in Jackson County. If I had known what I know now about jury verdicts in Jackson County and had I had sufficient time to talk about the pros and cons about going to trial in Jackson County with my attorney, and had sufficient time to consider the 4 year offer, I would have taken the 4 year offer instead of going to trial. My attorney did not communicate this offer in a timely manner or discuss the pros and cons of going to trial in this county in a sufficient manner to allow me to make an

informed decision regarding accepting a plea offer or going to trial.

I agree with the Court of Appeals that appellant's affidavit fails to allege reasonable grounds necessary to grant relief. This case is different from *Ex parte Lemke*.[1] Appellant knew about the plea offer the day before trial and did not, ever, attempt to accept it. Aside from an underdeveloped dispute between the attorneys over when the withdrawal of the offer was communicated, no one said a word at trial about the plea offer. Nothing suggests that appellant came to court Monday morning wishing to avail himself of the offer; the record is to the contrary. On that basis alone, the trial court would have been justified in refusing to hold a hearing.

Unlike Lemke, appellant does not claim that he would have accepted the offer if he had known about it before it was revoked. His claim is that he would have accepted the offer if he had known about it earlier, and had time to think about it, and known what he knows now about Jackson County juries, and been counseled more thoroughly by his attorney. I think there are plenty of defendants who could honestly make that exact claim after being assessed a higher sentence than what was offered in exchange for a plea. But even if true, that claim does not entitle a defendant to a new trial on the basis of ineffective assistance of counsel. Appellant's affidavit sounds more like remorse based on hindsight than a statement of an intent to accept an offer, and the trial court was entitled to view it as such.

I respectfully dissent.

---

1.  13 S.W.3d 791 (Tex.Crim.App.2000).