In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00980-CR
NO. 01-01-00981-CR
____________

EZEKIEL RAMOS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court 
Harris County, Texas
Trial Court Cause Nos. 855442 & 855443 




MEMORANDUM OPINION
          Appellant, Ezekial Ramos, pled guilty to two separate offenses of aggravated
assault with a deadly weapon, and the trial court assessed punishment for each
offense at 20 years’ confinement in prison. In his sole point of error, appellant
contends that the trial court erred by not conducting a hearing on appellant’s motion
for new trial based on ineffective assistance of counsel. We affirm.
Background
          Appellant’s assault convictions resulted from a September 2000 shooting. 
Appellant and an accomplice broke a residence window, inserted a firearm through
the window, and fired multiple rounds into the residence. The rounds struck and
injured two occupants of the residence. As a result of the shootings, appellant was
charged with and pled guilty to two separate offenses of aggravated assault with a
deadly weapon. After conducting a presentence investigation (PSI) hearing, the trial
court sentenced appellant. Appellant then timely filed his motion for new trial. 
Appellant’s Motion for New Trial
          In his motion for new trial, appellant contended that his trial counsel was
ineffective for not presenting mitigating evidence at the PSI hearing. Accompanying
appellant’s motion for new trial were affidavits indicating that appellant’s
accomplice, and not appellant, fired the rounds into the residence. Appellant argued
that, had trial counsel presented this evidence at his PSI hearing, the trial court would
not have assessed the maximum punishment.


 After examining the motion and
accompanying affidavits, the trial court denied appellant’s motion for new trial
without holding a hearing.
 
          In contending that the trial court abused its discretion in not holding a hearing
on his motion for new trial, appellant relies on Martinez v. State, in which the Court
of Criminal Appeals held that a trial court abuses its discretion in failing to hold a
hearing when an accused presents a motion for new trial raising issues not
determinable from the record that could entitle the accused to relief. 74 S.W.3d 19,
21 (Tex. Crim. App. 2002) (citing King v. State, 29 S.W.3d 556, 569 (Tex. Crim.
App. 2000)). Appellant argues that his motion for new trial raised ineffective
assistance of counsel, that ineffective assistance of counsel is a claim not
determinable from the record, and that affidavits attached to his motion showed that
reasonable grounds existed to support a claim that trial counsel’s representation may
have been ineffective. 
          Appellant’s reliance on Martinez is misplaced. In Martinez, the appellant filed
a “Motion for a New Trial and Hearing Thereon,” requesting not only that the trial
court grant his motion for new trial, but that the trial court also hold a hearing on his
motion. Martinez, 74 S.W.3d at 20. In this case, nothing in the record suggests that
appellant wanted or requested a hearing on his motion. Furthermore, the motion itself
makes no request for a hearing and simply seeks a new trial. Under circumstances
such as these, when the movant does not request a hearing, the trial court is not
required to convene a hearing on a motion for new trial. See Gallegos v. State, 76
S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref’d); Brooks v. State, 894 S.W.2d
843, 847 (Tex. App.—Tyler 1995, no pet.). Because appellant did not request a
hearing on his motion for new trial, we hold that the trial court did not abuse its
discretion in declining to hold one. 
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court. 




 

 
                                                                        Elsa Alcala
     Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.4.