TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00533-CR

NO. 03-02-00534-CR






Kendrick Cordell Jones, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NOS. 51,572 & 52,970, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Kendrick Cordell Jones appeals from the district court's denial of his motions for new
trial in these two causes without holding an evidentiary hearing in either. Because his motions for
new trial did not present matters that required an evidentiary hearing, we will affirm the judgment.

 This appeal arises from two offenses, the latter of which was used to revoke Jones's
probation in the former. Jones was first prosecuted in trial court cause number 51,572 for
intentionally and knowingly threatening imminent bodily injury while using and exhibiting a firearm. 
On February 15, 2001, Jones pled guilty, but the court deferred adjudication and placed him on
community supervision for ten years. Less than a year later, the State moved to revoke the probation,
alleging that Jones violated his probation on January 1, 2002 by intentionally or knowingly entering
a habitation without the effective consent of the owner and assaulting her. Jones pled true to the
allegation and the court adjudicated him guilty of the offense in trial court cause number 51,572 ("the
firearm case"). The State simultaneously prosecuted Jones in trial court cause number 52,970 for
the burglary with intent to commit assault ("the burglary case"). He pled guilty in the burglary case
without an agreed recommendation for sentence. The court imposed sentence in each cause of
twenty years in prison, with the sentences to be served concurrently.

 Jones filed a motion for new trial in each cause. In each, he contended that the verdict
was "contrary to the law and the evidence." In each, the court set a hearing for August 16, 2002. 
On August 15, 2002, however, the court reviewed the motion for new trial in the burglary case and
denied it. Jones contends without contradiction that this denial also canceled the hearing in the
firearm case.

 Jones's sole issue on appeal in each cause is that the district court erred by denying
him a hearing at which to develop evidence to support his motion for new trial. A trial court abuses
its discretion by failing to hold a hearing on a motion for new trial when the defendant's motion
raises matters not determinable from the record which could entitle him to relief. Martinez v. State,
74 S.W.3d 19, 21 (Tex. Crim. App. 2002) (citing King v. State, 29 S.W.3d 556, 569 (Tex. Crim.
App. 2000)). The motion must be supported by an affidavit specifically showing the truth of the
grounds for attack, but need not reflect each and every component legally required to establish relief;
it must merely reflect that reasonable grounds exist for holding that such relief could be granted. See
Martinez, 74 S.W.3d at 21-22. A hearing is not required when the matters raised in the motion for
new trial are subject to being determined from the record. Reyes v. State, 849 S.W.2d 812, 816 (Tex.
Crim. App. 1993).

 We conclude that Jones's motions for new trial did not entitle him to a hearing. His
bare assertion that the verdicts were contrary to law and evidence does not establish a fact entitling
him to a new trial in either case, nor does it raise issues not determinable from the record. See King,
29 S.W.3d at 568-89. Nor did the assertion in the motions evoke the arguments he makes for the
first time on appeal that certain witnesses should have been called at his adjudication and sentencing
hearings or that his trial counsel was ineffective. The motions asserted only that the verdicts were
contrary to the law and evidence, and a trial court need not hear additional evidence to determine
whether the verdicts were consistent with the law and evidence. The district court did not abuse its
discretion by declining to hold a hearing on the motion for new trial in these cases.

 We affirm the judgments.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: April 3, 2003

Do Not Publish