Affirmed and Memorandum Opinion filed June 19, 2003















Affirmed and
Memorandum Opinion filed June 19, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00379-CR

_______________

 

WILLIE HILLS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 872,165

____________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Willie Hills appeals a
conviction for possession with intent to deliver cocaine on the ground that he
was denied effective assistance of counsel during the punishment phase of
trial.  We affirm.

            Appellant contends that his counsel
was ineffective at the punishment phase by: (1) failing to investigate,
contact, or call any of ten witnesses who would have testified favorably for
appellant in mitigation of punishment (the “mitigation witnesses”); (2) failing
to have appellant’s motion for community supervision sworn to; (3) failing to
prove up appellant’s eligibility for probation; and (4) electing to have the
jury decide punishment after the trial court stated before trial that she was
willing to grant appellant deferred adjudication.  Because appellant presented his ineffective
assistance claim to the trial court in a motion for rehearing, we are called
upon to review the trial court’s denial of that motion.

            A trial court’s denial of a motion
for new trial is reviewed for abuse of discretion.  Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001).  It will be upheld if it is correct under any
theory of the law.  Martinez v. State, 74 S.W.3d
19, 21 (Tex. Crim. App. 2002).  We review a trial court’s determination of
historical facts under a deferential standard, even where the determination is
made from conflicting affidavits rather than live testimony.  See Manzi v. State, 88 S.W.3d 240, 243-44
(Tex. Crim. App. 2002). 
Thus, where there is conflicting evidence on a motion for new trial,
there is no abuse of discretion in overruling it.  See
Salazar, 38 S.W.3d at 148.

            In order to establish ineffective
assistance of counsel, an appellant must show that his counsel’s performance
was: (1) deficient, i.e., it fell
below an objective standard of reasonableness; and (2) prejudicial, i.e., there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.  Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Rylander v. State,
101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003).  Judicial scrutiny of counsel’s performance
must be highly deferential, eliminating the distorting effects of hindsight to
evaluate the conduct from counsel’s perspective at the time.  Strickland v. Washington, 466 U.S. 668, 689 (1984).  A defendant
must also overcome a strong presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Id.

            Ineffective assistance claims must
be affirmatively demonstrated in the record. 
Bone v. State, 77 S.W.2d 828,
835 (Tex. Crim. App. 2002).  To
overcome the presumption that a challenged action or omission might be
considered sound trial strategy, the record must ordinarily reflect the reasons
why counsel took or failed to take the action. 
See Rylander,
101 S.W.3d at 110-11.

 class=Section2>

            In this case, appellant’s brief
concedes that he was not prejudiced by his counsel’s failures to have his
motion for community supervision sworn to and to prove up his eligibility for
probation because the trial court allowed him a probation charge (despite the unsworn motion) and the prosecutor proved up his
eligibility for probation.  Similarly,
regarding the decision to have punishment be decided
by the jury rather than the trial court, appellant has provided no record of
counsel’s reasons for this decision and cited no authority holding that such a
decision falls outside the presumption of trial strategy or that we can view it
with the hindsight of the jury’s decision. 
Nor is there any evidence that the trial court would have been any more
lenient than the jury after hearing the trial and punishment evidence.  Therefore, appellant has not demonstrated
ineffective assistance as to these matters.

            In support of his ineffectiveness
claim regarding the failure to investigate and call the mitigation witnesses,
appellant relies on affidavits of those witnesses presented with his motion for
rehearing.  However, the affidavit of
appellant’s counsel states that appellant had not wanted anyone to participate
in his trial and that appellant had refused to give his counsel the names of
any witnesses who might assist him. 
Although appellant’s affidavit controverts this, there can be no abuse
of discretion in denying a motion for new trial based on conflicting
evidence.  See Salazar, 38 S.W.3d at 148.  In that appellant has cited no authority
finding ineffective assistance on a matter on which a defendant refused to
cooperate with his attorney, he has failed to demonstrate ineffective
assistance on the alleged failure to investigate and call the mitigation
witnesses.  Accordingly, his sole issue
is overruled, and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed June 19, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

Do Not Publish — Tex. R. App. P. 47.2(b).