Affirmed and Memorandum Opinion filed August 21, 2003
















Affirmed and
Memorandum Opinion filed August 21, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00538-CR

NO.
14-02-00539-CR

NO.
14-02-00540-CR

_______________

 

EDWIN SANTIAGO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________

 

On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause Nos. 898915, 898,914
& 898,917

_____________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Edwin Santiago appeals a marijuana
and two cocaine possession convictions on the grounds that the trial court
erred in: (1) failing to admonish him on the ranges of punishment and potential
deportation consequences of his guilty pleas; and (2) consolidating the three
offenses for a single trial.  We affirm.

 








Failure to
Admonish

Standard of
Review

            Because appellant’s complaint
regarding the trial court’s failure to admonish him was presented to, and ruled
upon by, the trial court in appellant’s motion for new trial, appellant’s first
three issues present a challenge to the trial court’s denial of that
motion.  A denial of a motion for new
trial is reviewed for abuse of discretion. 
Salazar v. State, 38 S.W.3d
141, 148 (Tex. Crim. App. 2001), cert. denied, 534 U.S. 855 (2001). 
The decision will be upheld on appeal if it is correct under any
applicable theory of law.  Martinez v. State, 74 S.W.3d 19, 21
(Tex. Crim. App. 2002).  Where there is conflicting evidence on an
issue in a motion for new trial, there is no abuse of discretion in overruling
it.  Salazar,
38 S.W.3d at 148.

Punishment
 Ranges

            Appellant’s first issue argues that
his guilty pleas were involuntary because the trial court failed to admonish
him on the punishment ranges of the charged offenses.  See
Tex. Code Crim. Proc. Ann. art.
26.13(a)(1) (Vernon Supp.
2003).  It is undisputed that the trial
court did not formally admonish appellant on the applicable punishment ranges.

            Appellant argues that such a failure
to admonish violates due process, requiring reversal without regard to a
showing of harm.  However, neither
decision he cites so holds; instead, as pertains to this case, each stands only
for the proposition that a voluntary waiver cannot be presumed from a
completely silent record regarding voluntariness.  Parke
v. Raley, 506 U.S. 20, 29
(1992) and Boykin v. Alabama, 395 U.S. 238,
242-43 (1969).[1]

            Alternatively, appellant claims that
the trial court’s failure to admonish him constitutes constitutional error
under Aguirre-Mata v. State, 992
S.W.2d 495 (Tex. Crim. App. 1999).  However,
that opinion holds that a failure to admonish a defendant of the punishment
range is statutory, not constitutional, error. 
Id. at 498-99.[2]  Because appellant has thus cited no authority
supporting his argument that a failure to admonish him on the punishment range
amounts to constitutional error, we overrule his first issue.

            Appellant’s second issue contends
that the trial court’s failure to admonish him as to the respective punishment
ranges, as required by article 26.13, was harmful and thus reversible statutory
error.  Under Rule 44.2(b),[3]
statutory error is disregarded unless it affected appellant’s substantial
rights.  See Burnett v. State, 88 S.W.3d 633, 637 (Tex. Crim.
App. 2002).  Therefore, a conviction
should not be overturned unless, after examining the record as a whole, we
conclude that such an error may have had a substantial influence on the outcome
of the proceeding.  Id. 
If we have “a grave doubt” that the result was free from the substantial
influence of the error, then we must treat the error as if it did.  Id.  Because neither appellant nor the State has
any formal burden to show harm or harmlessness under Rule 44.2(b), we must
independently examine the record and determine whether appellant was aware of
the consequences of his plea and whether he was mislead or harmed by the trial
court’s failure to admonish him of the punishment ranges.  Id.
at 638.

            In this case, appellant entered his
guilty pleas after trial had begun and several witnesses had testified.  During voir dire,
the trial court had explained the applicable punishment ranges for all three
offenses in detail, and the State had twice repeated the range for the greater
cocaine offense.

            However, in the affidavit attached
to his motion for new trial, appellant stated (in English) that: (1) he did not
know the ranges of punishment for the three offenses; (2) had he understood
them, he would not have pleaded guilty; and (3) he could not understand what
had been said because he did not speak English and was too nervous to pay
attention.  Nevertheless, the record
reflects that a translator was present and translating for appellant during
trial.[4]  In addition, during the pretrial motions,
discussion of the guilty pleas, and sentencing, appellant addressed the court
coherently in English.  Based on this
record, it was within the trial court’s discretion to conclude that appellant
had either been able to understand, or received a translation of, the ranges of
punishment stated during trial such that he was informed of the consequences of
his plea and not mislead or harmed by the trial court’s failure to admonish him
of the punishment ranges.  Therefore, the
trial court did not abuse its discretion in denying the motion for new trial on
this ground.

Deportation
Consequences

            Appellant’s third issue asserts that
the trial court erred in failing to admonish him as to the potential
deportation consequences of his guilty pleas. 
Tex. Code Crim. Proc. Ann.
art. 26.13(a)(4) (Vernon Supp. 2003). 
Although it is undisputed that the trial court did not admonish
appellant in this regard, such an error is harmless if the record contains
evidence that appellant is a United States citizen.  See
Cain v. State, 947 S.W.2d 262, 264 (Tex. 1997).  Although appellant stated in the affidavit
attached to his motion for new trial that he was born in the Dominican
Republic, the record contains evidence that he: (1) claimed in a pretrial
services interview and on an application for a Texas identification card to be
a U.S. citizen born in Puerto Rico on April 3, 1971;[5] and (2)
presented a Puerto Rican birth certificate with that application.  Because the record therefore contains
conflicting evidence as to whether appellant is a U.S. citizen, the trial court
did not abuse its discretion in denying his motion for new trial based on the
failure to admonish him of the deportation consequences of his plea.  Therefore, his third issue is overruled.

Consolidation

            Appellant’s fourth issue contends
that the trial court erred in consolidating his three charged offenses into a
single trial proceeding because they were not connected, part of a common
scheme, plan, or course of conduct, or a repeated commission of the same or
similar offenses.  See Tex. Health & Safety
Code Ann. § 481.132(a), (b) (Vernon 2003).  A trial court’s ruling on consolidating
offenses under section 481.132 is reviewed for abuse of discretion.  Howard
v. State, 888 S.W.2d 166, 170-71 (Tex. App.—Waco 1994, pet. ref’d). 

            Appellant’s two cocaine possession
offenses were a repeated commission of similar offenses; and one of those
cocaine possession offenses was “connected”[6] to the
marijuana possession offense in that both were committed the same day at the
same place.  Under these circumstances,
appellant’s fourth issue does not demonstrate that the trial court failed to
comply with section 481.132 by consolidating his cases.  Accordingly, that issue is overruled, and the
judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed August 21,
 2003.

Panel consists of Chief Justice
Brister and Justices Yates and Edelman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 











[1]           In this regard, the Supreme Court
noted in Boykin that a trial court is
best advised to conduct an on-the-record examination of the defendant to
satisfy itself that the defendant understands the nature of the charges, his
right to a jury trial, the acts sufficient to constitute the offenses for which
he is charged, and the permissible range of sentences.  395 U.S. at 244
n.7.





[2]           The Court has since reiterated that
a failure to admonish a defendant on the direct consequences of his guilty plea
is statutory, rather than constitutional, error.  See
Burnett v. State, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).





[3]           See Tex. R. App. P. 44.2(b).





[4]           Appellant’s counsel stated during voir dire, “You may have noticed by now up to this point
that somebody is translating for Mr. Santiago.”





[5]           See 8 U.S.C.A.
§ 1402 (West 1999) (“All persons born in Puerto Rico on or after January 13,
1941, and subject to the jurisdiction of the United States, are citizens of the
United States at birth.”).





[6]           See Tex. Health & Safety Code Ann. §
481.132(a)(1).