COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-086-CR
 
  
TIMOTHY 
W. LEMMONS                                                        APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Timothy W. Lemmons appeals his conviction of felony possession of a controlled 
substance.  A jury found him guilty, and the trial court sentenced him to 
ten years’ confinement.  We affirm.
        Appellant 
was stopped upon driving into a park by the officer directing traffic at its 
entry when he noticed appellant and passengers with open bottles of beer in the 
car appellant was driving.  The officer directed appellant to park in a 
nearby lot, which appellant did.  As the officer approached, appellant and 
the passengers all began to get out of the car, so the officer directed them to 
get back in the car.  At that point, appellant tried to throw a clear 
plastic baggie under the car, but instead it landed directly below his hand on 
the ground below.  The officer drew his weapon and called for back 
up.  The baggie he recovered contained 1.22 grams of “cocaine 
freebase.”
        The 
facts surrounding the stop were hotly contested at trial.  Both appellant 
and one of the other passengers testified.  After the jury found appellant 
guilty, he filed a motion and an amended motion for new trial because his 
brother allegedly confessed to the crime.  According to the certificate of 
service, the amended motion was hand-delivered to the State and presented to the 
trial court judge on the same day.  In its brief, the State concedes that 
the motion was presented to the trial court.  No hearing was held, and 
appellant’s motion was overruled by operation of law.
        Appellant 
raises two points on appeal, asserting trial court error in failing to hold a 
hearing on his motion for new trial and by denying his motion.
        According 
to article 40.001, a motion for new trial may be filed upon the discovery of new 
and material evidence.  Tex. Code 
Crim. Proc. Ann. art. 
40.001 (Vernon Supp. 2004-05).  The motion must be accompanied by 
affidavits that raise matters that are not determinable from the record and that 
show that reasonable grounds exist for granting a new trial.  Jordan v. 
State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).  The motion should 
set forth that 1) the newly discovered evidence was unknown or unavailable to 
the movant at the time of his trial; 2) the movant’s failure to discover or 
obtain the evidence was not due to a lack of diligence; 3) the new evidence is 
admissible and is not merely cumulative, corroborative, collateral, or 
impeaching; and 4) the new evidence is probably true and will probably bring 
about a different result on retrial.  See Tex. Code Crim. Proc. Ann. art. 40.001; Wallace 
v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); Keeter v. State, 
74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002).
        Whether 
a defendant is entitled to a hearing on a motion for new trial is a 
separate question from whether he should ultimately be granted a new 
trial.  Wallace, 106 S.W.3d at 108. Generally, if a motion for new 
trial “raises matters not determinable from the record, upon which the accused 
could be entitled to relief,” he will be entitled to a hearing.  Reyes 
v. State, 849 S.W.2d 812, 814-16 (Tex. Crim. App. 1993).  The motion 
and accompanying affidavits do not need to establish the defendant’s 
entitlement to a new trial.  Wallace, 106 S.W.3d at 108; Jordan, 
883 S.W.2d at 665.  However, they should show that reasonable grounds exist 
that could support granting relief before a hearing is required.  Wallace, 
106 S.W.3d at 108; Martinez v. State, 74 S.W.3d 19, 22 (Tex. Crim. App. 
2002).  Importantly, the first question the appellate court must review is 
whether the trial court should have held a hearing on a defendant’s request, 
or whether “on this record, the trial court could have reasonably denied 
appellant a hearing on his motion for new trial.”  Wallace, 
106 S.W.3d at 108.  If the trial court could have reasonably denied the 
hearing, there can be no abuse of discretion.
        Here, 
appellant’s motion for new trial includes an affidavit by his counsel that 
includes a sworn statement, by appellant’s brother, that he was the one who 
threw the cocaine out of the car.  This evidence was not available at 
trial, according to the affidavit, and was unknown to the appellant at the time 
of trial, not due to a lack of diligence on appellant’s part.  Further, 
if true, the evidence could potentially exonerate appellant while at the same 
time expose his brother to additional offenses and possible convictions.  
We note, however, that nowhere in the statement does his brother admit his 
possession of the drugs to the exclusion of appellant, only that he was the one 
throwing the drugs under the vehicle.  Also, as the State points out, it is 
obvious that appellant was aware that his brother was present in the vehicle and 
was at the very least an eyewitness to the arrest and offense, making this 
evidence at least potentially discoverable from the outset.  Appellant 
never called his brother to testify, but appellant and the other passenger both 
testified.  Neither of them contended that the drugs belonged to 
appellant’s brother.  Also, appellant testified that neither he, his 
brother, nor the other passenger possessed cocaine, yet now he is claiming his 
brother did possess it.  However, the officer testified that the drugs were 
dropped and found below the driver’s door, where appellant was seated, as 
opposed to the passenger side where his brother says he dropped the drugs.
        Based 
upon our review of the motion and the supporting affidavit, we therefore cannot 
conclude that the trial court unreasonably failed to hold a hearing on 
appellant’s motion or abused its discretion in failing to do so.  We 
overrule appellant’s first point.
        Because 
of our disposition of this point, we need not address his second point on the 
actual merits of the motion for new trial.  See Tex. R. App. P. 47.1. We affirm the 
judgment of the trial court.
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 9, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.