LEMMONS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-086-CR

TIMOTHY W. LEMMONS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Timothy W. Lemmons appeals his conviction of felony possession of a controlled substance.  A jury found him guilty, and the trial court sentenced him to ten years’ confinement.  We affirm.

Appellant was stopped upon driving into a park by the officer directing traffic at its entry when he noticed appellant and passengers with open bottles of beer in the car appellant was driving.  The officer directed appellant to park in a nearby lot, which appellant did.  As the officer approached, appellant and the passengers all began to get out of the car, so the officer directed them to get back in the car.  At that point, appellant tried to throw a clear plastic baggie under the car, but instead it landed directly below his hand on the ground below.  The officer drew his weapon and called for back up.  The baggie he recovered contained 1.22 grams of “cocaine freebase.”

The facts surrounding the stop were hotly contested at trial.  Both appellant and one of the other passengers testified.  After the jury found appellant guilty, he filed a motion and an amended motion for new trial because his brother allegedly confessed to the crime.  According to the certificate of service, the amended motion was hand-delivered to the State and presented to the trial court judge on the same day.  In its brief, the State concedes that the motion was presented to the trial court.  No hearing was held, and appellant’s motion was overruled by operation of law.

Appellant raises two points on appeal, asserting trial court error in failing to hold a hearing on his motion for new trial and by denying his motion.

According to article 40.001, a motion for new trial may be filed upon the discovery of new and material evidence.  
Tex. Code Crim. Proc
. 
Ann
. art. 40.001 (Vernon Supp. 2004-05).  The motion must be accompanied by affidavits that raise matters that are not determinable from the record and that show that reasonable grounds exist for granting a new trial.  
Jordan v. State
, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).  The motion should set forth that 1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; 2) the movant’s failure to discover or obtain the evidence was not due to a lack of diligence; 3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and 4) the new evidence is probably true and will probably bring about a different result on retrial.  
See 
Tex. Code Crim. Proc. Ann.
 art. 40.001; 
Wallace v. State
, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); 
Keeter v. State
, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002).

Whether a defendant is 
entitled to a hearing 
on a motion for new trial is a separate question from whether he should ultimately be 
granted
 a new trial.
  Wallace, 
106 S.W.3d at 108
.  
Generally, if a motion for new trial “raises matters not determinable from the record, upon which the accused could be entitled to relief,” he will be entitled to a hearing.  
Reyes v. State
, 849 S.W.2d 812, 814-16 (Tex. Crim. App. 1993).  The motion and accompanying affidavits do not need to establish the defendant’s entitlement to a new trial.  
Wallace,
 106 S.W.3d at 108; 
Jordan
, 883 S.W.2d at 665.  However, they should show that reasonable grounds exist that could support granting relief before a hearing is required.  
Wallace,
 106 S.W.3d at 108
; Martinez v. State
, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002).  Importantly, the first question the appellate court must review is whether the trial court should have held a hearing on a defendant’s request, or whether “on this record, the trial court could have reasonably denied appellant 
a hearing 
on his motion for new trial.” 
 
Wallace,
 106 S.W.3d at 108.  If the trial court could have reasonably denied the hearing, there can be no abuse of discretion.

Here, appellant’s motion for new trial includes an affidavit by his counsel that includes a sworn statement, by appellant’s brother, that he was the one who threw the cocaine out of the car.  This evidence was not available at trial, according to the affidavit, and was unknown to the appellant at the time of trial, not due to a lack of diligence on appellant’s part.  Further, if true, the evidence could potentially exonerate appellant while at the same time expose his brother to additional offenses and possible convictions.  We note, however, that nowhere in the statement does his brother admit his possession of the drugs to the exclusion of appellant, only that he was the one throwing the drugs under the vehicle.  Also, as the State points out, it is obvious that appellant was aware that his brother was present in the vehicle and was at the very least an eyewitness to the arrest and offense, making this evidence at least potentially discoverable from the outset.  Appellant never called his brother to testify, but appellant and the other passenger both testified.  Neither of them contended that the drugs belonged to appellant’s brother.  Also, appellant testified that neither he, his brother, nor the other passenger possessed cocaine, yet now he is claiming his brother did possess it.  However, the officer testified that the drugs were dropped and found below the driver’s door, where appellant was seated, as opposed to the passenger side where his brother says he dropped the drugs.  

Based upon our review of the motion and the supporting affidavit, we therefore cannot conclude that the trial court unreasonably failed to hold a hearing on appellant’s motion or abused its discretion in failing to do so.  We overrule appellant’s first point.     

Because of our disposition of this point, we need not address his second point on the actual merits of the motion for new trial.  
See
 
Tex. R. App. P. 
47.1.  We affirm the judgment of the trial court.

 

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 9, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.