MEMORANDUM OPINION

Nos. 04-04-00292-CR, 04-04-00293-CR, 04-04-00294-CR, 
04-04-00295-CR, and 04-04-00296-CR

John Robert NORMAN, Jr.,
Appellant

v.

The STATE of Texas,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court Nos. 4148, 4149, 4150, 4151, and 4152
Honorable Stephen B. Ables, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   July 6, 2005

ABATED AND REMANDED
            In trial court numbers 4148, 4149, and 4150, John Robert Norman, Jr., was charged with
sexual assault. In trial court numbers 4151 and 4152, Norman was charged with indecency with a
child. Norman waived a jury trial and entered a plea of guilty in all five cases. An evidentiary
sentencing hearing was then held before the bench. After hearing the evidence, the trial court
sentenced Norman to five twenty-year sentences. In all five cases, Norman filed a motion for new
trial. His motion was denied without a hearing. On appeal, Norman argues that the trial court abused
its discretion in failing to hold a hearing on his motion for new trial.



            Before the sentencing hearing, Norman filed a motion to exclude extraneous matters, arguing
that despite his requesting notice of extraneous unadjudicated offenses under article 37.07, section
3(g), of the Texas Code of Criminal Procedure, the State had failed to provide notice. Before the
sentencing hearing, the trial court heard and granted Norman’s motion. However, during Norman’s
case-in-chief, defense counsel moved to admit in evidence letters from individuals. These letters 
vouched for Norman’s good character and attempted to persuade the trial court to place Norman on
community supervision. Many of these letters suggest that Norman’s behavior was a single mistake,
not a pattern of behavior.


 On defense counsel’s request, the trial court admitted the letters in
evidence. Additionally, when Mark Steege testified, defense counsel asked Steege, “Is there anything
you have heard today – you have been sitting here [during] the entire proceedings thus far. You have
heard from the complainant. You have heard the tape. Is there anything you have heard today that
would cause you to change your opinion on this matter?” Steege replied, “No, there is nothing.”
Later, defense counsel asked Steege whether, considering everything he knew about Norman, there
was a likelihood that Norman would commit the offense again. Steege replied, “I think that the
likelihood of reoffense is very small.”
            In response to this evidence, the State argued that defense counsel had “opened the door” to
the extraneous unadjudicated offenses. The trial court agreed. The State then questioned Steege
about his knowledge of the extraneous unadjudicated offenses:
            Q:        [Defense counsel] asked you if there was anything you heard that
would cause you to change your opinion. When was the first time you
heard that there was an allegation that this had happened
approximately 60 times and has also happened prior to the victim
turning 15?
 
            A:        I think yesterday.
Q:Okay, and that doesn’t change your opinion?
            A:        No.
The State then recalled the victim, who testified that the sexual abuse did not occur only five times.
According to the victim, there were probably twenty-five to thirty different incidents. 
            In his motion for new trial, Norman argued that the trial court had erred in allowing the State
to introduce evidence of extraneous unadjudicated offenses and that if the trial court had not erred,
then his counsel was ineffective for opening the door to such evidence. Attached to his motion for
new trial is an affidavit by lead defense counsel, Kurtis S. Rudkin. In his affidavit, Rudkin affirms
the following:



Once I was advised that the State intended to use the alleged extraneous offenses, I
sought to prohibit the State from introducing such evidence. [I] realized the potential
prejudicial impact that admission of 60 uncharged extraneous offenses could have
on the Defendant’s sentence. [I] did not offer, invite in, or open the door to the
admission of the 60 extraneous offenses. It was not [my] strategy to waive any
alleged error with respect to the State’s proffer of the extraneous offenses. 
The trial court denied Norman’s motion for new trial without a hearing.
            In his first issue, Norman argues that the trial court erred in denying his motion for new trial
without a hearing. A defendant is entitled to a hearing on his motion for new trial if the motion and
accompanying affidavit raise matters not determinable from the record, upon which the accused
could be entitled to relief. Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); Martinez
v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002). To be sufficient to entitle the defendant to a
hearing, the motion for new trial and accompanying affidavit “need not establish a prima facie case”
for a new trial. Wallace, 106 S.W.3d at 108 (quoting Jordan v. State, 883 S.W.2d 664, 665 (Tex.
Crim. App. 1994)). Rather, the affidavit “must merely reflect that reasonable grounds exist for
holding that such relief could be granted.” Wallace, 106 S.W.3d at 108 (quoting Martinez, 74
S.W.3d at 22). The purpose of the hearing is to give the defendant an opportunity to fully develop
the matters raised in his motion. Wallace, 106 S.W.3d at 108; Martinez, 74 S.W.3d at 21. If the trial
court denies a hearing on the motion for new trial and the defendant appeals from that denial, the
appellate court must review the trial court’s decision for abuse of discretion. Wallace, 106 S.W.3d
at 108; Martinez, 74 S.W.3d at 22. And, “[w]hen an accused presents a motion for new trial raising
matters not determinable from the record, which could entitle him to relief, the trial judge abuses his
discretion in failing to hold a hearing.” Martinez, 74 S.W.3d at 21 (quoting King v. State, 29 S.W.3d
556, 569 (Tex. Crim. App. 2000)). 
            Here, Norman raises an ineffective assistance of counsel issue on appeal, arguing that his
counsel was ineffective for opening the door to the extraneous unadjudicated offenses. Without a
fully developed record from a motion for new trial proceeding, Norman is unable to show that his
counsel’s ineffectiveness is firmly founded in the record. Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); see also Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (noting
that under normal circumstances, the record on direct appeal will not be sufficient to show that
counsel’s representation was so deficient and so lacking in tactical or strategic decisionmaking as
to overcome the presumption that counsel’s conduct was reasonable and professional). As such,
Rudkin’s affidavit is sufficient to raise a particular matter not determinable from the record and
reflect that reasonable grounds exist for holding that relief could be granted. Martinez, 74 S.W.3d
at 21-22; Alvarado v. State, No. 04-03-00289-CR, 2004 WL 1102764, at *8 (Tex. App.—San
Antonio 2004, no pet. h.). Accordingly, we hold that the trial court abused its discretion in failing
to conduct a hearing on Norman’s motion for new trial.
Conclusion
            We abate this appeal and remand the cause to the trial court to conduct an evidentiary hearing
on Norman’s motion for new trial.
 
Karen Angelini, Justice

Do not publish