Appellant=s Motion for Rehearing Overruled; Affirmed; Memorandum Opinion
dated July 19, 2005 Withdrawn, and Substitute Memorandum Opinion filed
September 29, 2005









Appellant=s Motion for
Rehearing Overruled; Affirmed; Memorandum Opinion dated July 19, 2005 Withdrawn, and Substitute
Memorandum Opinion filed September 29, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00108-CR

_______________

 

QUINDARLE DARAY BATTS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On
Appeal from the 351st District Court

Harris
County, Texas

Trial
Court Cause No. 944,481

___________________________________________________

 

S U B S T I T U T E  
M E M O R A N D U M   O P I N I O
N

 

Appellant=s motion for rehearing is overruled,
our opinion issued in this case on July 19, 2005, is withdrawn, and the
following opinion is issued in its place.

Quindarle
Batts appeals a conviction for aggravated sexual assault of a child[1]
on the ground that the trial court abused its discretion by not holding a
hearing on appellant=s motion for new trial. 
We affirm.








When an accused Apresents@ a motion for new trial raising
matters not determinable from the record that could entitle him to relief, the
trial court abuses its discretion by failing to hold a hearing.  Martinez v. State, 74 S.W.3d 19, 21
(Tex. Crim. App. 2002).  For this
purpose, the term Apresent@ means the record must show that the motion was brought to
the attention or actual notice of the trial court, such as by obtaining the
trial court=s ruling on the motion, the judge=s signature or notation on a proposed
order, or a hearing date set on the docket. 
Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998).

In this case, the record reflects
that appellant=s motion for new trial was initially
set for hearing on March 23, 2004, then re-set to April 2, 2004, and to that
extent was Apresented.@ 
However, there is no indication in our record: (1) whether a hearing
took place on that date; (2) if a hearing took place then, what transpired at
the hearing; or (3) if no hearing took place, why, i.e., whether due to
a failure by the trial court, a non-appearance by appellant, or otherwise.  Nor is there any signed order or notation by
the trial court indicating any disposition of the matter.[2]  Under these circumstances, appellant=s sole point of error fails to
demonstrate that a hearing was not held, or that any non-occurrence of the
hearing resulted from any abuse of discretion by the trial court.  Therefore, the point of error is overruled,
and the judgment of the trial court is affirmed.

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Substitute
Memorandum Opinion filed September 29, 2005.

Panel consists of Justices Edelman,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]           A jury
found appellant guilty and sentenced him to life imprisonment.





[2]           Therefore,
the motion is deemed to have been denied by operation of law 75 days after the
sentence was imposed.  See Tex. R. App. P. 21.8(a), (c).