Affirmed and Memorandum Opinion filed December 18, 2008








Affirmed and Memorandum Opinion filed December 18, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00814-CR

_______________

 

STACEY MICHELLE JANUARY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 1022484

                                                                                                                                                

 

M E M O R A N D U M  O P I N I O N

In a
single issue, appellant, Stacey Michelle January, contends the trial court abused
its discretion by denying appellant=s request for a hearing on her motion
for new trial.  Because all dispositive issues are clearly settled in law, we
issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.








Appellant
pleaded guilty to the offense of injury to a child without an agreed
recommendation on punishment.  After conducting a punishment hearing, the trial
court sentenced appellant to forty years= confinement.  Appellant timely filed
a motion for new trial, contending (1) there was legally and factually
insufficient corroborating evidence to sustain the conviction, (2) her plea was
involuntary, and (3) she received ineffective assistance of counsel.  In the
motion, appellant requested an evidentiary hearing, but the motion was not
supported by an affidavit. 

Appellant
timely appeared in court to present the motion for new trial and again
requested an evidentiary hearing.  See Tex. R. App. P. 21.6.  The trial
court announced it would defer a decision on this request until after the State
had an opportunity to review the motion.  Appellant later filed a Asupplemental@ motion for new trial accompanied by
an affidavit and again requesting a hearing.  Subsequently, the trial court
signed an order denying the request for a hearing.  The motion for new trial
was overruled by operation of law seventy-five days after imposition of the
sentence. See Tex. R. App. P. 21.8(a), (c). 

In her
sole issue, appellant contends the trial court abused its discretion by
refusing to hold an evidentiary hearing on the motion for new trial because
some of her grounds were not determinable from the record.  When an accused
presents a motion for new trial raising matters not determinable from the
record which could entitle her to relief, the trial court abuses its discretion
by failing to hold a hearing.  Martinez v. State, 74 S.W.3d 19, 22 (Tex.
Crim. App. 2002) (citing King v. State, 29 S.W.3d 556, 569 (Tex. Crim.
App. 2000)).  However, as a prerequisite to obtaining a hearing, the motion
must be supported by an affidavit specifically showing the truth of the grounds
for attack.  Id. (citing King, 29 S.W.3d at 569; Reyes v.
State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)).  A motion for new trial
alleging facts outside the record filed without a supporting affidavit is not a
proper pleading and is fatally defective.  Klapesky v. State, 256 S.W.3d
442, 454 (Tex. App.CAustin 2008, pet. ref=d).  A trial court does not err by
refusing to grant a hearing on such a motion.  Id.








Appellant
first presented an affidavit when she filed her supplemental motion.  However,
this supplemental motion was not timely because it was filed more than thirty
days after the trial court imposed sentence in open court.  See Tex. R.
App. P. 21.4(a) (providing motion for new trial in criminal case must be filed
no later than 30 days after trial court imposes or suspends sentence in open
court); Tex. R. App. P. 21.4(b) (AWithin 30 days after the date when
the trial court imposes or suspends sentence in open court but before the court
overrules any preceding motion for new trial, a [criminal] defendant may,
without leave of court, file one or more amended motions for new trial.@).  Although appellant denominated
her filing as a Asupplemental@ motion, it effectively constituted an amended motion
governed by Rule 21.4(b) because she  attempted to correct the defect in her
original motion.  See Redmond v. State, 30 S.W.3d 692, 700 (Tex.
App.CBeaumont 2000, pet. ref=d) (concluding that Asupplemental@ affidavits filed more than thirty
days after sentencing, in attempt to correct previous motions for new trial
which lacked affidavits, were governed by time constraints of Rule 21.4(b)). 

Because
appellant=s only timely motion for new trial was unsupported by affidavit, we
conclude that the trial court did not abuse its discretion by denying her
request for a hearing.  See Klapesky, 256 S.W.3d at 454B55 (holding trial court did not abuse
its discretion by failing to hold hearing on timely motion for new trial where
defendant first presented affidavit thirty-one days after sentence imposed, in
untimely attempt to amend motion).

Accordingly,
we overrule  appellant=s sole issue and affirm the trial court=s judgment.

 

 .

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and
Memorandum Opinion filed December 18, 2008.

Panel consists of Chief
Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).