Opinion issued November 18, 2010

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court
of Appeals

For The

First
District of Texas

————————————

NO.
01-10-00089-CR

———————————

DWAYNE MICHAEL BOYANCE, Appellant

V.

THE
STATE OF TEXAS, Appellee



 



 

On
Appeal from the 338th District Court

Harris
County, Texas



Trial Court Case No. 1161348

 



 

MEMORANDUM OPINION

Appellant, Dwayne Michael Boyance,
appeals from a judgment sentencing him to fifty years imprisonment for the
murder of Delonda Washington.  Tex. Penal Code Ann. § 19.02 (Vernon 2003).  In his sole issue on appeal, appellant
contends that a drawing by Washington’s youngest daughter was hearsay and
should not have been admitted into evidence in the punishment phase of his
trial.  We conclude that the drawing is
admissible under the hearsay exception allowing statements of the declarant’s
then existing state of mind or emotion.  We
affirm.

Background

Early one morning in April 2008, appellant forced
his way into an apartment that he once shared with Washington.  Appellant and Washington argued, a struggle
ensued, and appellant stabbed her once in the chest, piercing her heart.  Appellant panicked and fled.  Appellant stabbed Washington while two of her
four children were in the same room.  Eight-year-old
L.W., who was asleep in another room of the apartment when appellant stabbed Washington,
was awakened by her older siblings and came out of her room.  She then saw her mother lying on the stairs
outside the apartment, still breathing.  Washington
later died at a hospital.  

L.W. and her siblings were taken to the Houston
Police Department’s homicide division. 
While she was at the police station, L.W. made the drawing at issue in
this appeal.  It consists of two smiling stick
figures.  One figure represents Washington
on her bed with a phone next to her.  The
other figure represents appellant with an object in his pocket.  At trial, L.W. explained that the object was
the knife appellant used to stab Washington. 
L.W. wrote her name, the date, and the words “we Love mom heaven we will
You dreaM” above the two figures.  The
HPD officer who interviewed L.W. did not testify concerning L.W.’s drawing.

A jury found appellant guilty of murder.  During the punishment phase of appellant’s
trial, the State called L.W. and offered her drawing as evidence.  Appellant’s counsel timely objected,
contending that the drawing constituted inadmissible hearsay.  The court overruled the objection.  

Hearsay

Appellant’s sole issue on appeal challenges the
admission of L.W.’s drawing, which appellant asserts is hearsay.  A trial court’s ruling on an
evidentiary issue is reviewed for abuse of discretion.  Bowley
v. State, 310 S.W.3d 431, 434 (Tex. Crim. App. 2010).  Under the abuse of discretion standard, we
affirm under any applicable theory of law even if the trial court used the
wrong reason for its ruling.  Id.

“Hearsay is a statement, other than one made by the
declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted.” 
Tex. R. Evid. 801(d).  A statement is defined as “an oral or written
verbal expression or . . . nonverbal conduct of a person, if it is
intended by the person as a substitute for verbal expression.”  Tex.
R. Evid. 801(a).  The matter asserted
“includes any matter explicitly asserted, and any matter implied by a
statement, if the probative value of the statement as offered flows from
declarant’s belief as to the matter.”  Tex. R. Evid. 801(c).

Under Rule 803(3), a hearsay statement is admissible
when it is “[a] statement of the declarant’s then existing state of mind [or]
emotion.”  Tex. R. Evid. 803(3).  This
Court has held that a statement of a declarant’s “feelings” fall within the
Rule 803(3) exception. Martinez v. State,
186 S.W.3d 59, 67 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d); see also Delapaz v. State, 228 S.W.3d
183, 210 (Tex. App.—Dallas
2007, pet. ref’d.) (statements that declarant was “scared, anxious, sad, or in
any other state reflecting his then existing mental or emotional condition” are
exceptions to the hearsay rule) (quoting U.S.
v. Cohen, 631 F.2d 1223, 1225 (5th Cir. 1980)).  The San Antonio and Dallas Courts of Appeals
have included “fear, hate, love, and pain” in the emotions encompassed by Rule
803(3).  Garcia v. State, 246 S.W.3d 121, 132 (Tex. App.—San Antonio 2007, pet. ref’d); Fugate v. State, Nos. 05-07-01297-CR,
05-07-01298-CR, 2008 WL 3824004, at *6 (Tex. App.—Dallas Aug. 18, 2008) (mem. op., not designated for
publication).  

Assuming the drawing is hearsay, it was admissible
under Rule 803(3) as a statement of L.W.’s then existing state of mind or
emotion.  See Tex. R. Evid.
803(3).  L.W.’s drawing expressly states
that she loves her mother and suggests that she will dream and think about
her.  We hold that the drawing is
admissible under Rule 803(3) as a statement of L.W.’s then existing state of
mind.[1]  See Martinez,
186 S.W.3d at 67.  

We overrule appellant’s sole issue.

  CONCLUSION

We affirm the judgment of the trial court.

 

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Justices
Jennings, Alcala, and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]        Although the State does not rely on Rule
803(3) in its appellee’s brief, we may uphold the trial court’s decision “on
any applicable theory of law . . . even though that specific claim was not made
by the state.”  Martinez v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002).