GOMILLION V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-468-CR

KEVIN WAYNE GOMILLION APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

Kevin Wayne Gomillion appeals from his conviction and punishment for  solicitation of capital murder.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
,
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.
(footnote: 3) 

Appellate counsel’s argument, which is divided into five parts, presents a discussion of two potential sources of error:  whether trial counsel was ineffective for failing to ensure that certain parts of voir dire were on the record, failing to object to the lack of foundation for a tape-recording used in evidence against appellant, failing to object to the admission of extraneous offense evidence,
(footnote: 4) failing to request a limiting instruction on voluntary intoxication, and failing to ask the jury to give appellant less than a life sentence; and whether the trial court abused its discretion by denying appellant’s motion for new trial without a hearing.  Additionally, this court informed appellant that he may file a pro se brief, but he has failed to do so.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and  essentially to rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 5) 
 Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.
(footnote: 6) 

In the first potential ground for error, appellate counsel points out that appellant could argue that trial counsel was ineffective for the reasons stated above.  Counsel acknowledges, however, that the record in this case is insufficient to establish ineffective assistance because it does not show that 
counsel's performance was deficient or that it prejudiced the defense.
(footnote: 7) 
 Further, appellate counsel points out that trial counsel participated in voir dire, made an opening statement, cross-examined the State’s witnesses, presented witnesses in an effort to mitigate punishment, and made a closing argument.  Accordingly, we overrule the first potential ground for error.

In the second potential ground for error, appellate counsel states that appellant could argue that the trial court abused its discretion
(footnote: 8) by denying his motion for new trial without a hearing. 

Trial counsel filed a verified motion for new trial in which he raised the following grounds:

1.  The verdict in this cause is contrary to the law and the evidence;

2.  A juror possibly engaged in jury misconduct during the proceedings. 

The motion is not, however, supported by affidavit, nor does it contain any factual allegations supporting the grounds for new trial.  Therefore, the trial court did not abuse its discretion by denying the motion without a hearing.
(footnote: 9)  We overrule the second potential ground for error.

In addition to the matters we have already addressed, our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors; the indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.
(footnote: 10) 

The record also reflects that appellant knowingly and voluntarily entered his plea.  After signing written admonishments and being admonished by the trial court regarding the consequences of his plea, appellant insisted on pleading guilty and admitted his guilt in open court.  Nothing in the record would support a claim that appellant’s plea was involuntary.

There are no errors that are not independent of the judgment of guilt.  The court’s charge properly charged the jury not to consider extraneous offense evidence for the purpose of assessing appellant’s punishment unless the jury found beyond a reasonable doubt that appellant committed the extraneous acts.
(footnote: 11)  Further, the punishment assessed is within the statutory range for the charged offense.
(footnote: 12)
 Having overruled all potential grounds for error and concluded, based on our independent review of the record, that there is no error that arguably might support an appeal or require reversal, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 20, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

4:
Because appellant entered an open guilty plea, the extraneous offense evidence was before the jury only for the purpose of assessing punishment.

5:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

6:
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), 
disapproved on other grounds by Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001)); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).

7:
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Bone v. State,
 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).
 

8:
See Wallace v. State,
 106 S.W.3d 103, 108 (Tex. Crim. App. 2003) (stating standard of review).

9:
See id.
; 
Martinez v. State,
 74 S.W.3d 19, 21-22 (Tex. Crim. App. 2002) (both holding that, as prerequisite to obtaining hearing, motion must be supported by affidavit reflecting that reasonable grounds exist for holding that relief could be granted).

10:
See
 Tex. Const. 
art. V, § 12(b); 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 
2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  Appellate counsel states that the indictment might not allege the intent requirement set out in penal code section 15.01; however, the elements of the charged offense (criminal solicitation) are listed in section 15.03, not section 15.01.  
See
 
Tex. Code Crim. Proc. Ann.
 arts. 15.01, 15.03 (Vernon 2005).

11:
See Huizar v. State,
 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).

12:
See
 
Tex. Penal Code Ann.
 §§ 12.32, 15.03(d) (Vernon 2003).