COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO. 2-04-468-CR

 

KEVIN WAYNE GOMILLION                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Kevin
Wayne Gomillion appeals from his conviction and punishment for  solicitation of capital murder.  We affirm.








Appellant=s court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of
that motion.  In the brief, counsel
avers that, in her professional opinion, this appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v.
California,[2] by
presenting a professional evaluation of the record demonstrating why there are
no reversible grounds on appeal and referencing any grounds that arguably might
support the appeal.[3] 

Appellate
counsel=s argument, which is divided into
five parts, presents a discussion of two potential sources of error:  whether trial counsel was ineffective for
failing to ensure that certain parts of voir dire were on the record, failing
to object to the lack of foundation for a tape-recording used in evidence
against appellant, failing to object to the admission of extraneous offense
evidence,[4]
failing to request a limiting instruction on voluntary intoxication, and
failing to ask the jury to give appellant less than a life sentence; and
whether the trial court abused its discretion by denying appellant=s motion for new trial without a
hearing.  Additionally, this court
informed appellant that he may file a pro se brief, but he has failed to do so.








Once
appellant=s court-appointed counsel files a
motion to withdraw on the ground that the appeal is frivolous and fulfills the
requirements of Anders, we are obligated to undertake an independent
examination of the record and 
essentially to rebrief the case for appellant to see if there is any
arguable ground that may be raised on his behalf.[5]  Because appellant entered an open plea of
guilty, our independent review for potential error is limited to potential jurisdictional
defects, the voluntariness of appellant=s plea, error that is not independent of the judgment of
guilt, and error occurring after entry of the guilty plea.[6]


In
the first potential ground for error, appellate counsel points out that
appellant could argue that trial counsel was ineffective for the reasons stated
above.  Counsel acknowledges, however,
that the record in this case is insufficient to establish ineffective
assistance because it does not show that counsel's performance was deficient or
that it prejudiced the defense.[7]  Further, appellate counsel points out that
trial counsel participated in voir dire, made an opening statement,
cross-examined the State=s witnesses, presented witnesses
in an effort to mitigate punishment, and made a closing argument.  Accordingly, we overrule the first potential
ground for error.








In
the second potential ground for error, appellate counsel states that appellant
could argue that the trial court abused its discretion[8]
by denying his motion for new trial without a hearing. 

Trial
counsel filed a verified motion for new trial in which he raised the following
grounds:

1.  The verdict in this cause is contrary to the law and the
evidence;

 

2.  A juror possibly engaged in jury misconduct during the
proceedings. 

 

The motion is
not, however, supported by affidavit, nor does it contain any factual
allegations supporting the grounds for new trial.  Therefore, the trial court did not abuse its discretion by
denying the motion without a hearing.[9]  We overrule the second potential ground for
error.








In
addition to the matters we have already addressed, our independent review of
the record shows that there is no error that arguably might support an appeal
or require reversal.  There are no
jurisdictional errors; the indictment conferred jurisdiction on the trial court
and provided appellant with sufficient notice to prepare a defense.[10]


The
record also reflects that appellant knowingly and voluntarily entered his
plea.  After signing written
admonishments and being admonished by the trial court regarding the consequences
of his plea, appellant insisted on pleading guilty and admitted his guilt in
open court.  Nothing in the record would
support a claim that appellant=s plea was involuntary.

There
are no errors that are not independent of the judgment of guilt.  The court=s charge properly charged the jury not to consider
extraneous offense evidence for the purpose of assessing appellant=s punishment unless the jury found
beyond a reasonable doubt that appellant committed the extraneous acts.[11]  Further, the punishment assessed is within
the statutory range for the charged offense.[12]








Having
overruled all potential grounds for error and concluded, based on our
independent review of the record, that there is no error that arguably might
support an appeal or require reversal, we grant appellate counsel=s motion to withdraw and affirm
the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED: October 20, 2005











[1]See Tex.
R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396
(1967).





[3]See Mays v. State, 904 S.W.2d 920, 922-23 (Tex.
App.CFort Worth 1995, no pet.).





[4]Because appellant entered an open
guilty plea, the extraneous offense evidence was before the jury only for the
purpose of assessing punishment.





[5]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991). 





[6]Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim.
App. 2003); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000);
Flowers v. State, 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), disapproved
on other grounds by Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001)); Jack
v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).





[7]See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). 





[8]See Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim.
App. 2003) (stating standard of review).





[9]See id.; Martinez v. State, 74
S.W.3d 19, 21-22 (Tex. Crim. App. 2002) (both holding that, as prerequisite to
obtaining hearing, motion must be supported by affidavit reflecting that
reasonable grounds exist for holding that relief could be granted).





[10]See Tex.
Const. art. V, ' 12(b); Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon 2005); Duron v. State, 956
S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 
Appellate counsel states that the indictment might not allege the intent
requirement set out in penal code section 15.01; however, the elements of the
charged offense (criminal solicitation) are listed in section 15.03, not
section 15.01.  See Tex. Code Crim. Proc. Ann. arts. 15.01,
15.03 (Vernon 2005).





[11]See Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim.
App. 2000).





[12]See Tex.
Penal Code Ann. '' 12.32, 15.03(d) (Vernon 2003).