Opinion filed December 6, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 6,
2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00079-CR

                                                    __________

 

                                 PHILLIP SHER WALKER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 266th District Court

 

                                                           Erath
County, Texas

 

                                                Trial
Court Cause No. CR 12046

 



 

                                                                   O
P I N I O N

The
jury convicted Phillip Sher Walker of the third-degree felony offense of theft
by appropriation of stolen property of a value of $20,000 or more but less than
$100,000.  The jury found that an enhancement allegation was true and assessed
punishment at twenty years confinement and a $10,000 fine.  Appellant
challenges his conviction in three issues.  We affirm.

                                                               Background
Facts








The
indictment alleged that appellant unlawfully appropriated a Caterpillar D3C
bulldozer and a Model 70XT Case skid loader of the combined value of $100,000
or more but less than $200,000.  Appellant was arrested for the charged offense
on or about July 28, 2004.  Shortly after the arrest, appellant retained trial
counsel to represent him in this cause.  Appellant was released from jail on
bond on or about July 30, 2004.  Appellant=s
trial counsel and another lawyer from his firm acted as sureties on appellant=s bond.  On November 22,
2004, the trial court scheduled a trial setting in this cause for December 13,
2004.  Later, the trial court continued the trial setting.  The record is
silent as to a reason for the continuance.  Beginning in January 2005, the
State filed a number of evidentiary matters as required by the trial court=s discovery order.

At
some point, the trial court scheduled this cause for trial for January 9,
2006.  On January 5, 2006, the State filed an application for a number of
subpoenas to be made returnable for the January 9, 2006 trial setting.  On
January 6, 2006, appellant=s
trial counsel and the other surety on appellant=s
bond filed a motion requesting removal as sureties on the bond.  In the motion,
appellant=s trial counsel
and the other surety stated that A[they]
wish[ed] to be removed from the bond liability as [appellant] has failed to
comply with his agreement and obligation for payment of attorney=s fees.@  They requested the trial
court to issue a warrant for the arrest of appellant.  Appellant=s trial counsel did not
seek to withdraw from representation of appellant.  

On
January 9, 2006, the trial court considered the motion and issued a capias for
appellant=s arrest. 
On the same date, this cause proceeded to trial.  Appellant=s retained trial counsel
represented appellant throughout the trial.  After the first day of trial,
appellant was arrested and placed in the Erath County Jail in connection with
his alleged failure to comply with his bonding agreement.  The guilt/innocence
phase of trial concluded on January 10, 2006.  The jury found appellant guilty
of the lesser included offense of unlawfully appropriating property of a value
of $20,000 or more but less than $100,000.

Appellant
retained different counsel to represent him on appeal.  Appellant=s new counsel filed a
motion for new trial on appellant=s
behalf.  The trial court denied the motion for new trial without conducting a
hearing.

                                                                 Issues
on Appeal








Appellant
does not challenge the sufficiency of the evidence.  Appellant presents three
issues for review.  In his first issue, appellant contends that his trial
counsel rendered ineffective assistance of counsel by failing to assert his
right to a speedy trial.  In his second issue, appellant contends that his
trial counsel rendered ineffective assistance of counsel due to a conflict of
interest.  In his third issue, appellant contends that the trial court erred in
denying him a hearing on his motion for new trial.  Appellant did not raise his
ineffective-assistance-of-counsel claims in his motion for new trial.

                                                             Motion
for New Trial

We
first address appellant=s
contention that the trial court erred in denying him a hearing on his motion
for new trial.  We review a trial court=s
denial of a hearing on a motion for new trial under an abuse of discretion
standard.  Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003);
Martinez v. State, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002).  As a
prerequisite to obtaining a hearing on a motion for new trial, a defendant must
support his motion with an affidavit showing the truth of the grounds for
attack.  Martinez, 74 S.W.3d at 21.  A defendant is entitled to a
hearing if his motion and accompanying affidavit(s) raise matters that are not
determinable from the record  and could entitle the defendant to relief.  Wallace,
106 S.W.3d at 108; Martinez, 74 S.W.3d at 21; King v. State, 29
S.W.3d 556, 569 (Tex. Crim. App. 2000); Jordan v. State, 883 S.W.2d 664,
665 (Tex. Crim. App. 1994); Reyes v. State, 849 S.W.2d 812, 815-16 (Tex.
Crim. App. 1993).  To be sufficient to entitle the defendant to a hearing, the
motion for new trial and supporting affidavit need not establish a prima facie
case for a new trial; however, the motion and affidavit must reflect that
reasonable grounds exist for holding that such relief could be granted.  Wallace,
106 S.W.3d at 108; Martinez, 74 S.W.3d at 21-22; Jordan, 883
S.W.2d at 665; Reyes, 849 S.W.2d at 816.  Affidavits that are conclusory
in nature and unsupported by facts are insufficient to put the trial court on
notice that reasonable grounds for relief exist.  Jordan, 883 S.W.2d at
665.  The purpose of the hearing is to give the defendant an opportunity to
fully develop the matters raised in his motion.  Wallace, 106 S.W.3d at
108; Martinez, 74 S.W.3d at 21.








Appellant
raised the following grounds in his motion for new trial: (1) Athat the [trial] court
misdirected the jury about the law or committed some other material error
likely to injure [appellant=s]
rights@; (2) Athat a material defense
witness was kept from court by fraud or material evidence to establish the
defendant=s innocence
was intentionally withheld preventing its production at trial@; and (3) Athat the verdict is
contrary to the law and the evidence.@ 
In the motion, appellant asserted that these grounds involved Afacts outside the record,@ but he did not allege any
facts in the motion in support of these grounds.  Appellant also requested a
new trial Afor such
other reasons that may arise on the hearing of this [motion for new trial].@  Appellant=s counsel signed an
affidavit in support of the motion for new trial.  However, his affidavit
merely stated that the statements contained in the motion for new trial were
true and correct.  Thus, the affidavit was conclusory and unsupported by
facts.  Appellant did not file any other affidavits in support of the
motion.            

Appellant
filed a conclusory motion for new trial and attempted to support it with the
conclusory affidavit of his counsel.  Appellant=s
motion for new trial and the affidavit of  appellant=s counsel failed to show that reasonable
grounds existed for holding that relief could be granted.  Because the motion
and affidavit were insufficient to put the trial court on notice that
reasonable grounds for relief existed, the trial court did not abuse its
discretion in failing to hold a hearing on appellant=s motion for new trial.  Jordan, 883
S.W.2d at 665.  We overrule appellant=s
third issue.

                                     Trial
Counsel=s
Failure to Assert Speedy Trial Right








In
his first issue, appellant contends that he was denied effective assistance of
counsel because his trial counsel failed to assert his right to a speedy
trial.  In order to determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984).  The analysis
for ineffective assistance of counsel is undertaken in light of the Atotality of the
representation@ rather
than by examining isolated acts or omissions of trial counsel.  Scheanette
v. State, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004).  We must indulge a
strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
an appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Strickland,
466 U.S. at 689.  Under most circumstances, the record on direct appeal will
not be sufficient to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the strong presumption that counsel=s conduct was reasonable
and professional.  Scheanette, 144 S.W.3d at 510.  Rarely will the
record on direct appeal contain sufficient information to permit a reviewing
court to evaluate the merits of such a serious allegation.  Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App.  2002).  While a reviewing court can
frequently speculate on both sides of an issue, ineffective assistance claims
are not built on retrospective speculation; rather, they must Abe firmly founded in the
record.@  Scheanette,
144 S.W.3d at 510 (quoting Bone, 77 S.W.3d at 833).

In
this cause, the record is silent as to why appellant=s trial counsel did not assert appellant=s right to a speedy trial. 
Appellant did not raise his ineffective-assistance-of-counsel claim in his
motion for new trial, and he did not present any evidence in support of his
claim to the trial court.  Appellant=s
trial counsel may have elected not to assert appellant=s right to a speedy trial based on reasonable
trial strategy.  Based on the record before us, we cannot say that appellant=s trial counsel engaged in
an inappropriate trial strategy by failing to assert appellant=s right to a speedy trial. 
Therefore, appellant has failed to overcome the presumption that his trial
counsel=s conduct was
reasonable and professional.  Bone, 77 S.W.3d at 833.

Additionally,
the record does not demonstrate that the trial court would have erred in
overruling a speedy trial motion.  Appellant was arrested for the charged
offense on or about July 28, 2004.  He was released on bond on July 30,
2004.  This cause proceeded to trial about seventeen and one-half months later,
on January 9, 2006.  In determining whether a criminal defendant has been
denied his federal or state constitutional right to a speedy trial, the courts
must use a balancing test in which the State=s
conduct and the defendant=s
conduct are weighed.  Shaw v. State, 117 S.W.3d 883, 888 (Tex. Crim.
App. 2003).  Courts consider four nonexclusive factors when determining a speedy
trial claim:  (1) the length of the delay; (2) the reason for the delay; (3)
the defendant=s
assertion of his speedy trial right; and (4) any prejudice caused by the
delay.  Barker v. Wingo, 407 U.S. 514, 530 (1972); Shaw, 117
S.W.3d at 888-89.  None of the four factors is either a necessary or sufficient
condition to the finding of a deprivation of the right of a speedy trial.  Barker,
407 U.S. at 533.  Rather, they are related factors and must be considered
together with such other circumstances as may be relevant.  Id. 








Courts
measure the length of the delay by measuring the time between the date of
arrest or indictment until the time of trial.  Shaw, 117 S.W.3d at 889. 
In this cause, the record does not demonstrate the reasons for the delay
between appellant=s
arrest and the time of trial.  Nor does the record demonstrate that the delay
caused any prejudice to appellant.  Given the lack of evidence on these issues,
appellant cannot show that the trial court would have erred in overruling a
speedy trial motion.  Therefore, appellant has failed to show a reasonable
probability that the result of his trial would have been different but for his
trial counsel=s
failure to assert his speedy trial right.

Appellant
has failed to show that his trial counsel=s
failure to assert his speedy trial right fell below an objective standard of reasonableness
or that there is a reasonable probability that the result of the trial would
have been different but for his trial counsel=s
failure to assert his speedy trial right.

We overrule
appellant=s first
issue.

                                            Trial
Counsel=s
Alleged Conflict of Interest

In
his second issue, appellant contends that he received ineffective assistance of
counsel due to his trial counsel=s
conflict of interest.  To prevail on a conflict-of-interest claim of
ineffective assistance, a defendant must show that his trial counsel had an
actual conflict of interest and that the conflict actually colored counsel=s actions during trial.  Acosta
v. State, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007).  An actual conflict
of interest exists if counsel is required to make a choice between advancing
his client=s interest
in a fair trial or advancing other interests (perhaps counsel=s own) to the detriment of
his client=s
interest.  Acosta, 233 S.W.3d at 355; Ex parte McFarland, 163
S.W.3d 743, 759 n.52 (Tex. Crim. App. 2005).  The showing of a potential
conflict of interest does not establish that an actual conflict of interest
existed.  McFarland, 163 S.W.3d at 759 n.52.   

Appellant
asserts that his trial counsel attempted to coerce payment of attorney=s fees by filing the motion
to be removed as a surety on appellant=s
bond and having appellant placed in jail.  Thus, appellant contends that his
trial counsel represented conflicting interests by advancing counsel=s own financial interest in
being paid and in being removed as a surety on the bond to the detriment of
appellant=s interest
in receiving a fair trial.  Appellant also contends that, as a result of the
conflict, his trial counsel did not properly prepare for trial.  Appellant also
asserts that A[he]
could not actively participate in obtaining the presence of witnesses and/or
evidence@ because he
was in jail.








Appellant
failed to raise his conflict-of-interest claim in his motion for new trial and
failed to present any evidence on the issue to the trial court.  Appellant=s trial counsel may have
filed the motion to be removed as a surety on appellant=s bond in an attempt to advance appellant=s interests.  For example,
appellant=s trial
counsel may have filed the motion as a result of believing that appellant was a
flight risk.  Appellant=s
trial counsel may have been attempting to secure appellant=s presence throughout
trial.  The act of securing appellant=s
presence at trial would have advanced appellant=s
interests.  If appellant=s
trial counsel filed the motion in an attempt to advance appellant=s interests, then appellant=s trial counsel=s act of requesting the
trial court to issue an arrest warrant for appellant did not necessarily
establish that appellant=s
trial counsel represented conflicting interests.  At most, the record shows
that appellant=s
counsel had a potential conflict of interest.  The record lacks evidence
demonstrating that appellant=s
trial counsel had an actual conflict of interest. In the absence of such
evidence, appellant has failed to show that his trial counsel had an actual
conflict of interest.  McFarland, 163 S.W.3d at 759.

Even
if we assume that appellant=s
trial counsel had an actual conflict of interest, appellant has failed to show
that the conflict clouded his trial counsel=s
actions during trial.  Appellant asserts that the conflict caused his trial
counsel not to properly prepare for trial.  Appellant contends that the
following facts show a lack of trial preparation:  (1) that his trial counsel
failed to file any pretrial motions; (2) that his trial counsel failed to issue
any subpoenas; (3) that his trial counsel failed to call any defense witnesses,
other than appellant=s
wife; (4) that his trial counsel failed to subpoena records from appellant=s bank that would have
shown appellant did not know he had purchased stolen equipment; (5) that his
trial counsel failed to adequately prepare appellant=s wife as a witness; (6) that his trial
counsel failed to present any defense other than cross-examining the State=s witnesses and presenting
appellant=s wife as a
witness; and (7) that his trial counsel failed to warn him of the ramifications
involved if he testified during the punishment phase of trial.

The
trial court conducted a pretrial hearing on November 22, 2004.  At the hearing,
appellant=s trial
counsel indicated that no pretrial motions were necessary because he was
relying on the trial court=s
standard discovery order.  Given that appellant=s
trial counsel intended to rely on the trial court=s
standard discovery order, appellant=s
trial counsel may have elected not to file pretrial motions as part of his
trial strategy.  See Mares v. State, 52 S.W.3d 886, 891 (Tex. App.CSan Antonio 2001, pet. ref=d).  There is no evidence
in the record supporting appellant=s
contention that his trial counsel did not file pretrial motions because of a
conflict of interest. 








The
record is silent as to why appellant did not call any witnesses other than
appellant=s wife. 
After evidence was concluded on the first day of trial, appellant=s trial counsel stated that
he had listed four witnesses and that he knew he was going to call two
witnesses.  He also indicated that his witnesses would be available the next
morning.  The record does not demonstrate that subpoenas were necessary to
secure the presence of any of these witnesses at trial.  Nor does the record
demonstrate why appellant=s
counsel elected not to call any witnesses other than appellant=s wife.  After the State
concluded its evidence, appellant=s
trial counsel may have elected not to call additional witnesses as a part of a
sound trial strategy.  Nothing in the record supports appellant=s contention that appellant=s trial counsel failed to
call additional witnesses because of a conflict of interest.

The
record does not contain any evidence showing why appellant=s trial counsel did not
subpoena the bank records.  In the absence of such evidence, a conclusion that
appellant=s trial
counsel did not subpoena the bank records because of the alleged conflict would
be based on mere speculation.  Additionally, there is no evidence in the record
showing that appellant=s
trial counsel did not adequately prepare appellant=s wife as a witness.  Instead, the record is
silent as to what appellant=s
trial counsel did to prepare appellant=s
wife as a witness.  Also, there is no evidence supporting appellant=s contention that his trial
counsel did not explain to him the potential ramifications involved if he
elected to testify during the punishment phase of the trial.  Appellant elected
not to testify after being admonished by the trial court.  During the trial
court=s questioning of
appellant, the trial court included the following statement in one of the questions:
AI=m sure your [trial counsel
has] talked with you about this.@ 
After the trial court completed the entire question, appellant responded: AYes, sir.@  Thus, the record does not
support appellant=s
contention that his trial counsel did not explain to him the possible ramifications
involved if he testified during the punishment phase.

Appellant
has failed to show that the alleged conflict colored his trial counsel=s actions during trial.  The
record contains no evidence showing that appellant=s trial counsel failed to properly prepare for
trial because of the alleged conflict.  From the information in the record, we
can only speculate why appellant=s
trial counsel acted or failed to act as he did.  Therefore, appellant=s conflict-of-interest
allegations are not Afirmly
founded in the record,@
and appellant=s
ineffective-assistance-of-counsel claim based upon an alleged conflict of
interest must fail.  See Scheanette, 144 S.W.3d at 510.  We
overrule appellant=s
second issue.








                                                               This
Court=s Ruling

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE 

 

December 6, 2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.