NO.
12-09-00175-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

CHRISTOPHER
MONTRELL WATSON,      '                 APPEAL FROM THE 241ST

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Christopher
Montrell Watson appeals his conviction for aggravated robbery.  In his sole
issue on appeal, Appellant argues that the trial court abused its discretion by
denying him a hearing on his motion for new trial.  We affirm.

 

Background

Appellant
was charged by indictment with the offense of aggravated robbery, a first degree
felony.[1]
 Appellant entered
an open plea of guilty to the offense charged in the indictment. Appellant and
his counsel signed an agreed punishment recommendation, an acknowledgment of
admonishments, a waiver of trial by jury on guilt/innocence, a waiver of
confrontation, an agreement to stipulate testimony, and a written stipulation
of evidence in which Appellant swore that all allegations pleaded in the
indictment were true and correct and judicially confessed to the offense
alleged in the indictment.  He and his counsel also signed a waiver of motion
for new trial and motion in arrest of judgment, and a waiver of the right to
appeal.  The trial court adjudged Appellant guilty of the offense of aggravated
robbery, and Appellant elected for the jury to assess punishment.  After a
punishment hearing on June 2, 2009, the jury assessed his punishment at seventy
years of imprisonment.[2] 

On
July 2, 2009, Appellant filed a motion for new trial, alleging that relevant,
mitigating punishment evidence, specifically, of his mental illness and reduced
mental capacity, was not investigated and presented at his punishment trial.  Because
this evidence was not developed, Appellant alleged, his trial counsel rendered
ineffective assistance of counsel.  In support of his motion, Appellant
attached an affidavit from his father and a letter from the Andrews Center.  On
September 11, 2009, the trial court found that Appellant failed to state a
proper ground for his motion for new trial, and that there was “no need for the
Court to take additional testimony.”  Then, the trial court denied Appellant’s
motion for new trial.  This appeal followed.

 

Motion
for New Trial

            In
his sole issue on appeal, Appellant argues that the trial court abused its
discretion by denying him a hearing on his motion for new trial.  The State
disagrees, contending that the affidavit and the letter attached to the motion
did not provide sufficient information to require a hearing.

Facts

In
his motion for new trial, Appellant alleged that his family members attempted
to contact his trial counsel to offer relevant, mitigating evidence regarding
his history of mental illness and reduced mental capacity.  According to
Appellant, however, his family member’s telephone calls were unreturned.  Further,
Appellant alleged that “there was evidence available” to his trial counsel that
he had been treated for mental illness while previously incarcerated in Texas
Youth Commission (TYC) facilities and, at the time of this offense, had been
referred to the Andrews Center for mental health treatment. 

Appellant’s
motion also included an affidavit from his father.  In the affidavit,
Appellant’s father stated that Appellant had been diagnosed as “mentally
retarded” and that Appellant had received treatment at TYC and the Andrews
Center.  According to Appellant’s father, he made “several attempts” to contact
Appellant’s trial counsel, but never received an answer. Further, Appellant’s
father stated that if he had been contacted, he would have shared information
regarding Appellant’s mental condition, including his personal observations of
Appellant and “relevant medical records.”  Appellant’s motion also included a
letter from the Andrews Center stating that it was closing its TYC referral on
“Christopher” because he “no-showed” a screening appointment, did not respond
to a letter, and was not on any medication. 

Standard
of Review

            The
purpose of a hearing on a motion for new trial is to (1) “decid[e] whether the
cause shall be retried” and (2) “prepare a record for presenting issues on
appeal in the event the motion is denied.” Smith v. State, 286
S.W.3d 333, 338 (Tex. Crim. App. 2009) (quoting State v. Gonzalez,
855 S.W.2d 692, 695 (Tex. Crim. App. 1993)).  While the opportunity to prepare
a record for appellate review makes a hearing on a motion for new trial a
critical stage, such a hearing is not an absolute right; a hearing is not
required when the matters raised in the motion for new trial are subject to
being determined from the record.  Id.  Even a defendant who has
raised matters not determinable from the record is not entitled to a hearing on
his motion for new trial unless he “establishes the existence of ‘reasonable
grounds,’ showing that the defendant ‘could be entitled to relief.’”  Id.
at 339 (quoting Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim.
App. 1993); Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim.
App. 2003)).  Thus, as a prerequisite to a hearing when the grounds in the
motion are based on matters not already in the record, the motion must be
supported by an affidavit, either from the defendant or someone else,
specifically setting out the factual basis for the claim.  Id.

Moreover,
the motion for new trial and accompanying affidavit(s) must “rais[e] matters
not determinable from the record, upon which the accused could be entitled to
relief.”  Wallace, 106 S.W.3d at 108 (quoting Reyes,
849 S.W.2d at 816).  To be sufficient to entitle the defendant to a hearing,
the motion for new trial and accompanying affidavits “need not establish a
prima facie case” for a new trial; rather, they “must merely reflect that
reasonable grounds exist for holding that such relief could be granted.”  Id.
(quoting Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App.
1994); Martinez v. State, 74 S.W.3d 19, 22 (Tex. Crim. App.
2002)).  “[I]t is sufficient if a fair reading of [the accompanying affidavit]
gives rise to reasonable grounds in support of the claim.”  Smith,
286 S.W.3d at 339 (quoting 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 41.24 (2d ed. 2001)).  But affidavits that are conclusory in
nature and unsupported by facts do not provide the requisite notice of the basis
for the relief claimed; thus, no hearing is required.  Id. 

            When
examining a trial court’s denial of a hearing on a motion for new trial, we
review for an abuse of discretion.  Id.  Our review, however, is
limited to the trial court’s determination of whether the defendant has raised
grounds that are both undeterminable from the record and reasonable, meaning
they could entitle the defendant to relief.  Id. at 340.  The
trial court’s discretion extends only to deciding whether these two
requirements are satisfied.  Id.  If the trial court finds that
the defendant has met the criteria, it has no discretion to withhold a hearing.
 Id. Under such circumstances, in fact, the trial court abuses
its discretion in failing to hold a hearing. Id.  To hold otherwise
would deny defendant meaningful appellate review.  Id. at 338.

Applicable
Law

In
reviewing an ineffective assistance of counsel claim, we follow the United
States Supreme Court=s two pronged test in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Hernandez
v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986).  Under the first
prong of the Strickland test, an appellant must show that counsel=s performance was Adeficient.@  Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000).  To be successful, an appellant must Ashow
that counsel=s representation fell below an
objective standard of reasonableness.@  Strickland, 466
U.S. at 688, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712.

Under
the second prong, an appellant must show that the Adeficient performance prejudiced the defense.@  Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064; Tong, 25 S.W.3d at 712. The appropriate standard for
judging prejudice requires an appellant to Ashow
that there is a reasonable probability that, but for counsel=s unprofessional errors, the result of the
proceeding would have been different.@  Strickland, 466
U.S. at 694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at 712.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. 

To
be entitled to a hearing on his motion for new trial alleging ineffective
assistance of counsel, Appellant “must allege sufficient facts from which a
trial court could reasonably conclude both that counsel failed to act as
a reasonably competent attorney and that, but for counsel’s failure,
there is a reasonable likelihood that the outcome of his [punishment] trial
would have been different.”  Smith, 286 S.W.3d at 340-41.

Analysis

In
his motion for new trial, Appellant alleged that his trial counsel was
ineffective because he failed to investigate and present relevant, mitigating
evidence at his punishment trial.  Because “[t]he reasonableness of counsel’s
choices often involves facts that do not appear in the appellate record,” the
record will generally “not be sufficient to show that counsel’s representation
was so deficient as to meet the first part of the Strickland
standard.”  See id. at 341 (quoting Mitchell v.
State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); Jackson v.
State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998)).  In this case,
whether trial counsel’s failures show a deficiency that prejudiced Appellant’s
punishment trial is not determinable from the record.  See id.
 Because Appellant’s claim is not determinable from the record, we must decide
whether his motion, accompanying affidavit, and letter show reasonable grounds
that could entitle him to relief.  See id.  To do so, Appellant
must allege facts that would reasonably show that his trial counsel’s
representation fell below the standard of professional norms and that there is
a reasonable probability that, but for his trial counsel’s conduct, the result
of the proceeding would have been different.  See id.

As
noted above, in his motion for new trial, Appellant complained that his trial
counsel was deficient because he failed to investigate and present relevant,
mitigating evidence at his punishment trial.  However, even if Appellant’s
trial counsel’s performance was deficient, Appellant cannot prevail in this
appeal.

            Under
the second prong of the Strickland test, Appellant was required
to show in his motion for new trial “a reasonable probability that, but for
counsel=s unprofessional errors, the
result of the proceeding would have been different.@  See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at 712.  Here, Appellant
made no attempt in his motion for new trial to address the second prong of the Strickland
test.  Consequently, Appellant did not present facts sufficient to
demonstrate that reasonable grounds existed to believe he could prove
ineffective assistance of counsel at an evidentiary hearing.  See Smith,
286 S.W.3d at 345.  Thus, the trial court did not abuse its discretion in
failing to hold a hearing on Appellant’s motion for new trial.  See id.
Accordingly, Appellant’s sole issue is overruled.

 

Disposition

The
judgment of the trial court is affirmed.

 

                                                                                    Brian Hoyle

                                                                                         
Justice

 

 

 

Opinion
delivered January 12, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
See Tex. Penal Code Ann. §
29.03(a)(3)(A), (b) (Vernon 2003).

 





[2] An individual
adjudged guilty of a first degree felony shall be punished by imprisonment for
life or for any term of not more than ninety-nine years or less than five years
and, in addition, a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2010).