# NO. 12-23-00107-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EVAN RAYAL REIFSTECK, APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, Evan Rayal Reifsteck, appeals his sentences for aggravated kidnapping and aggravated assault causing severe bodily injury. In two issues, he alleges that the sentences were grossly disproportionate to the crimes committed and that the trial court erred by failing to hold a hearing on his motion for new trial. We affirm.

### BACKGROUND

Appellant was indicted for the offenses of aggravated kidnapping[1] and aggravated assault causing severe bodily injury,[2] alleged to have occurred on or about September 22, 2020. Appellant pleaded "not guilty" to both charges, and this matter proceeded to a jury trial. The jury found Appellant "guilty" of both offenses and assessed punishment of twenty years' imprisonment for each offense. The trial court rendered judgement in accordance with the jury's verdict with the sentences to be served concurrently.

Appellant filed a motion for new trial. He alleged entitlement to a new trial because the "Arresting/Investigating Department" possessed additional ***Brady*** evidence that was not

---

[1] TEX. PENAL CODE ANN. § 20.04 (West 2023).

[2] *Id*. § 22.02(a)(1) (West 2023).

disclosed to Appellant, and because he had a "meritorious defense as to the range of punishment." The trial court did not hold a hearing or rule on Appellant's motion, and it was consequently overruled by operation of law. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his first issue, Appellant argues that the sentence of twenty years' imprisonment for each offense amounts to cruel and unusual punishment under the United States Constitution and the Texas Constitution. Appellant contends that his sentence is grossly disproportionate to his conduct in committing the offenses and that the trial court should have imposed a shorter sentence.

Before a complaint may be presented for appellate review, the record must show that Appellant raised the complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *see Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). A complaint that a sentence is grossly disproportionate and constitutes cruel and unusual punishment may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *Kim*, 283 S.W.3d at 475. An appellant may raise a sentencing issue for the first time in a motion for new trial only if he did not have an opportunity to object when the sentence was imposed. *Burt*, 396 S.W.3d at 577 n.4. In this case, the record does not show that Appellant objected when the sentences were imposed at trial, and he does not assert that he lacked an opportunity to raise such an objection. Therefore, it appears that Appellant did not properly preserve error on this issue. However, assuming *arguendo* that Appellant did preserve this complaint for appellate review, we cannot grant him relief because his sentence does not constitute cruel and unusual punishment.

The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010). Similarly, the Texas Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. 1, § 13. The difference between the Eighth Amendment's "cruel and unusual" phrasing and the Texas

Constitution's "cruel or unusual" phrasing is insignificant. ***Cantu v. State***, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The legislature is vested with the power to define crimes and prescribe penalties. *See* ***Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also* ***Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See* ***Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664. In this case, Appellant was convicted of aggravated kidnapping and aggravated assault causing severe bodily injury, both second-degree felonies with a punishment range from two to twenty years of imprisonment. TEX. PENAL CODE ANN. §§ 20.04, 22.02(a)(1), 12.33 (West 2023). Thus, the twenty-year sentence for each offense imposed by the jury falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See* ***Harris***, 656 S.W.2d at 486; ***Jordan***, 495 S.W.2d at 952; ***Davis***, 905 S.W.2d at 664.

Nevertheless, Appellant urges this Court to consider the factors originally set forth in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. ***Id.***, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the ***Solem*** test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in ***Harmelin v. Michigan***, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.,* ***McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* ***Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in ***Rummel v. Estelle*** in making the threshold determination of whether Appellant's sentences are grossly disproportionate to his crimes. 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court considered the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false

3

pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offenses Appellant committed— aggravated kidnapping and aggravated assault causing severe bodily injury—are far more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's sentences are significantly less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* is not unconstitutionally disproportionate, neither are Appellant's sentences in this case. Because we do not find that the threshold test is satisfied, we need not apply the remaining elements of the *Solem* test. Accordingly, we overrule Appellant's first issue.

**MOTION FOR NEW TRIAL**

In his second issue, Appellant argues that the trial court abused its discretion in overruling his motion for new trial by operation of law without holding a hearing.

**Applicable Law**

The purpose of a hearing on a motion for new trial is to decide whether the cause should be retried and to prepare a record for presenting issues on appeal in the event the motion is denied. *See Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). The opportunity to prepare a record for appellate review makes a hearing on a motion for new trial a critical stage, but such a hearing is not an absolute right. *Id*. We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion and reverse only when the trial judge's decision lies outside the zone of reasonable disagreement. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009). A trial court is not required to hold a hearing on a motion for new trial if the movant does not request a hearing. *Schneider v. State*, 623 S.W.3d 38, 45 (Tex. App.—Austin 2021, pet. ref'd); *see also Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005)

4

(reviewing court does not reach question of whether trial court abused its discretion in failing to hold hearing on motion for new trial if no request for hearing was presented).

When a movant does request a hearing on the motion for new trial, no hearing is required when the matters raised in the motion for new trial are determinable from the record. *Hobbs*, 298 S.W.3d at 199. Moreover, to prevent "fishing expeditions," a defendant who *has* raised matters not determinable from the record in a motion for new trial must additionally establish the existence of reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.*; *Smith*, 286 S.W.3d at 339. A motion for new trial must be supported by an affidavit specifically setting out the factual basis for the claim. *Hobbs*, 298 S.W.3d at 200. The affidavit need not reflect every legal component required to establish relief but must reflect that reasonable grounds exist for the relief sought, and specifically show the truth of the grounds alleged as the basis for a new trial. *Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002). However, if the affidavit is conclusory, is unsupported by facts, or fails to provide the requisite notice of the basis for claimed relief, no hearing is required. *Hobbs*, 298 S.W.3d at 200. Appellate review is limited to the trial judge's determination of whether the defendant raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief. *Smith*, 286 S.W.3d at 340. This is because the trial judge's discretion extends only to deciding whether these two requirements are satisfied; if the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing. *Id.*

<u>Analysis</u>

As an initial matter, we note that it appears Appellant did not preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1(a). Although the record shows that Appellant timely filed his motion for new trial, it does not show that he ever requested a hearing on the motion. In the motion itself, Appellant did not request a hearing, but instead asked the trial court to vacate the judgment as to punishment and grant a new trial on punishment. Because Appellant did not request a hearing, the trial court could not have abused its discretion in failing to hold one. *See Gallegos v. State*, 76 S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref'd); *Schneider v. State*, 623 S.W.3d at 45; *Brooks v. State*, 894 S.W.2d 843, 847 (Tex. App.—Tyler 1995, no writ).

But even assuming Appellant requested a hearing on his motion for new trial, we cannot conclude that the trial court abused its discretion in allowing the motion to be overruled without a hearing. To entitle the movant to a hearing, the matters raised in a motion for new trial must be

undeterminable from the record, and the movant must establish by affidavit the existence of reasonable grounds for the relief sought. *Hobbs*, 298 S.W.3d at 199; *Martinez*, 74 S.W.3d at 21. Whether Appellant's motion for new trial raises matters not determinable from the record is somewhat uncertain, because the motion contains very little information, factual or otherwise.[3] The motion asserts, in a conclusory fashion, some of the factors for a finding of reversible error under *Brady*.[4] However, the motion does not identify or describe the "additional information" the State allegedly possessed that "would amount to Brady Evidence." Similarly, the motion states that Appellant had a "meritorious defense as to the range of punishment," but is silent regarding the nature of this defense.

Assuming *arguendo* that Appellant's motion for new trial met the first criterion, we must determine whether Appellant established the existence of reasonable grounds for the relief sought. *Martinez*, 74 S.W.3d at 21. Appellant's motion for new trial was not accompanied by an affidavit from either Appellant or any other person. "As a prerequisite to obtaining a hearing on a motion for new trial, the motion must be supported by an affidavit, either of the accused or someone else specifically showing the truth of the grounds of attack." *Crowell v. State*, 642 S.W.3d 885, 889 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) (citing *Smith*, 286 S.W.3d at 339). "A trial court does not abuse its discretion if it denies a hearing on a timely motion for new trial that is not supported by affidavits." *Medina v. State*, No. 05-19-01116-CR, 2021 WL 247965, at *1 (Tex. App.—Dallas Jan. 26, 2021, pet. ref'd) (mem. op., not designated for publication) (citing *Klapesky v. State*, 256 S.W.3d 442, 455 (Tex. App.—Austin 2008, pet. ref'd)). Because Appellant did not establish the existence of grounds that could entitle him to relief, he was not entitled to a hearing on his motion for new trial, and the trial court did not abuse its discretion in denying Appellant's motion for new trial without a hearing. *See Hobbs*, 298 S.W.3d at 200. We overrule Appellant's second issue.

---

[3] In his brief on appeal, Appellant more specifically identifies the alleged evidence. However, this information was not before the trial court. To the extent Appellant references facts that do not appear in the appellate record, we will not consider those facts in our analysis. *Jack v. State*, 149 S.W.3d 119, 121 n.1 (Tex. Crim. App. 2004).

[4] *See Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) (citing *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) (setting forth factors necessary for finding of *Brady* violation)).

## DISPOSITION

Having overruled both of Appellant's issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 6, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 6, 2023**

**NO. 12-23-00107-CR**

**EVAN RAYAL REIFSTECK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court
of Anderson County, Texas (Tr.Ct.No. 369CR-21-35096)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*